**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CRYSTAL SIMS, | ) | CASE NO. 5:26-cv-475 |
| | ) | |
| | ) | |
| Plaintiff, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| ALBERT HARRIS LLC, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court are several pending motions in connection with the Clerk of Court's entry of default. (Doc. No. 6.) For the reasons stated below, the Court finds there is good cause to set aside the entry of default, to allow the defendant leave to answer the complaint, and to allow the defendant an extension of time to do so.

## I.  BACKGROUND

Plaintiff Crystal Sims ("Sims") filed this action on February 25, 2026, alleging that defendant Albert Harris LLC ("Albert Harris") violated: (1) the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*; (2) the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code § 4111.01 *et seq.*; (3) the Ohio Prompt Pay Act, Ohio Rev. Code § 4113.15; (4) Ohio Rev. Code § 2307.60; (5) and Ohio state common law. (*See generally* Doc. No. 1 (Complaint).) Albert Harris was served on March 2, 2026 (*see* Doc. No. 4 (Affidavit of Service)) but failed to answer by the deadline (*see* Doc. No. 5 (Plaintiff's Motion for Entry of Default)). The Clerk of Court entered default against Albert Harris on March 27, 2026. (Doc. No. 6.)

Shortly thereafter, on April 3, 2026, Albert Harris's counsel made an appearance (Doc. No.

7 (Notice of Appearance)) and filed two motions on April 6, 2026. The first motion is styled as a "Motion to Strike Default Judgment" and seeks to have the Court vacate the March 27 entry of default. (Doc. No. 8.) The Court construes this motion as one to vacate entry of default pursuant to Fed. R. Civ. P. 55(c). Sims does not oppose vacating the entry of default. (*See* Doc. No. 10 (Plaintiff's Response to Defendant's Motion to Strike), at 1.)[1] The second motion seeks leave to answer the complaint. (Doc. No. 9.) Albert Harris later filed a third motion requesting an extension of time to file an answer, where it included a proposed answer. (Doc. No. 12.) That motion is unopposed.

## II.    LAW AND ANALYSIS

### A.  Albert Harris's Motion to Vacate Default is Granted

Rule 55(c) states that the Court "may set aside an entry of default for good cause[.]" Fed. R. Civ. P 55(c). This standard is "extremely forgiving to the defaulted party[.]" *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 322 (6th Cir. 2010) (citations omitted). The Court, in applying this standard, considers three factors: (1) whether culpable conduct of the defendant led to the default, (2) whether the defendant has a meritorious defense, and (3) whether the plaintiff will be prejudiced. *Id.* at 324 (citation omitted). Applying these three factors, the Court concludes that Albert Harris has established good cause to vacate the entry of default. Each factor is discussed in turn.

As to the first factor, no culpable conduct led to default. Culpability requires more than neglect or oversight. *See Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190,

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

194 (6th Cir. 1986) (citation omitted). "To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on judicial proceedings." *Thompson v. Am. Home Assur. Co.*, 95 F.3d 429, 433 (6th Cir. 1996) (citation and quotation marks omitted).

Albert Harris has not shown any "disrespect for the [C]ourt[.]" *Shepard Claims*, 796 F.2d at 194. It indicated it did not receive the complaint because it was not properly served. (Doc. No. 8, at 2.) But, as explained *infra*, Sims properly served Albert Harris's statutory agent. Albert Harris first became aware of the suit on March 30, 2026, when a copy of the application for entry of default was mailed to its principal place of business. (*Id.*) Upon becoming aware of this litigation, Albert Harris promptly secured legal counsel on April 3, 2026, and filed its motions three days later. (Doc. No. 8, at 2.)

Moreover, Albert Harris does not present any attempt to unlawfully evade the Court's jurisdiction. To the contrary, it promptly began defending against the litigation from the moment it became aware of the complaint. Albert Harris's swift motion for relief from the entry of default weighs firmly against culpability. *See Wilson v. Blanton*, No. 2:16-cv-390, 2016 WL 5408889, at *3 (S.D. Ohio Sept. 28, 2016).

As to the second factor, Albert Harris states a meritorious defense. This factor is not demanding. "[A]ll that is needed is a hint of a suggestion which, proven at trial, would constitute a complete defense." *$22,050.00 U.S. Currency*, 595 F.3d at 326 (citation and quotation marks omitted). Albert Harris's attached answer denies many of the factual allegations that are essential elements of Sims's claims. (*See* Doc. No. 12, at 3–6.) It also includes seven affirmative defenses. (*Id.* at 6–7.) The answer suggests a complete defense to Sims's claims.

As to the third factor, Sims faces no prejudice. Sims does not oppose the motion and expresses interest in proceeding on the merits. (Doc. No. 10, at 2.)

All three factors clearly favor granting Albert Harris's requested relief. Accordingly, the Court vacates the Clerk of Court's entry of default. (Doc. No. 6.)

### B. Albert Harris's Motions for Leave to Answer and for Extension of Time are Granted

Albert Harris requests leave to answer and for an extension of the time to answer in separate but closely related motions. Since the time to answer under the Federal Rules has passed, defendant must establish excusable neglect to justify an extension of time to answer. Fed. R. Civ. P. 6(b)(1)(B). "[T]he governing legal standard for excusable-neglect determinations is a balancing of five principal factors: (1) the danger of prejudice to the nonmoving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith." *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (citation omitted).

All factors except the third and fourth clearly favor a finding of excusable neglect. For factor one, there is no prejudice to Sims because she does not oppose an extension. For factor two, the delay was only a few days. For factor five, Albert Harris clearly acted in good faith by promptly appearing in the case and seeking relief as soon as it became aware of the litigation.

Factor three does not point to excusable neglect. Albert Harris claims that it was not properly served because the agent served was not its statutory agent. But Sims shows that she served, via personal service, the registered agent for Albert Harris as listed on the Ohio Secretary

of State website. (Doc. No. 10-1 (Albert Harris Registered Agent Documents), at 3.) That is sufficient to perfect service under Ohio law and Fed. R. Civ. P. 4(h)(1). Ohio law provides that "[a]ny legal process, notice, or demand required or permitted by law to be served upon a limited liability company may be served upon the company . . . [b]y delivering a copy of the process, notice, or demand to the address of the agent in this state as contained in the records of the secretary of state[.]" Ohio Rev. Code § 1706.09(H)(1)(a).[2] The agent listed on the records for the secretary of state matches the name and address on the affidavit of service. (*Compare* Doc. No. 10-1, at 3 *with* Doc. No. 4, at 1.) Sims effected personal service on an intake specialist at the place of business of the statutory agent. (Doc. No. 4, at 1.) The statutory agent received the complaint and summons via its employee. The Court can therefore "readily ascertain sufficiency of service of process on [defendant] upon the statutory agent's receipt, regardless of [defendant's] proffered excuses." *Previte v. Piunno*, 933 N.E.2d 1127, 1130 (Ohio Ct. App. 2010) (interpreting Ohio Rev. Code § 1705.06, replaced by § 1706.09). Albert Harris's improper service excuse for delay is not convincing.

Factor four also does not favor a finding of excusable neglect. Albert Harris has control over updating its records and who it appoints as a registered agent. It has a responsibility to maintain accurate public records on its statutory agent and to ensure that agent is reliable. Albert Harris does not point to anything out of its reasonable control that could have caused a lapse in communication between the statutory agent and itself.

---

[2] This section is part of the Ohio Revised Limited Liability Company Act, which applies to all limited liability companies "[o]n and after February 11, 2022[.]" Ohio Rev. Code § 1706.83. Section 1706.09 replaces § 1705.06 that previously governed service to a registered agent of an LLC. *See* Amend. Substitute S.B. 276, 133d Gen. Assemb. (Ohio 2020) (repealing former Ohio Rev. Code § 1705 and enacting § 1706).

Balancing the five factors, Albert Harris establishes excusable neglect. Its swift and good-faith action upon becoming aware of the litigation, and Sims's non-opposition, support that conclusion. For good cause shown, the Court will grant Albert Harris until May 22, 2026, to file the answer that it has attached to its motion to file its answer instanter. (Doc. No. 12.)

### III.    CONCLUSION

The Court **GRANTS** Albert Harris's motion to vacate entry of default (Doc. No. 8) and hereby **VACATES** the March 27, 2026, entry of default. (Doc. No. 6.) The Court further **GRANTS** Albert Harris's motion for leave to answer the complaint (Doc. No. 9) and motion for extension of time to answer. (Doc. No. 12.) Albert Harris is directed to file the answer that it has attached to its motion to file its answer instanter (Doc. No. 12) by May 22, 2026.

**IT IS SO ORDERED**.

Dated: May 14, 2026

<u> </u>
**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

6